UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
     :
       v.      :   CRIMINAL NO. 1:14-CR-266-04
     :
CARLOS BURGOS MELENDEZ,      :
     Defendant      :
     :

*M E M O R A N D U M*

I.      *Introduction*

Before this court is Defendant Carlos Burgos Melendez's *pro se* motion
under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  (Doc. 317).
Defendant contends that he received ineffective assistance of counsel because his trial
counsel ignored Defendant's alleged request to file a direct appeal.  (Id. at 4).  For the
reasons that follow, we will deny Defendant's motion.

II.      *Background*

On July 7, 2015, Defendant, by waiver of indictment, pleaded guilty,
pursuant to a plea agreement, to a felony information charge of one count of conspiracy to
distribute and possess with intent to distribute cocaine, 21 U.S.C. § 846.  (Docs. 173 &
192-93, 230).  As part of the plea agreement, Defendant waived his right to a direct appeal
on the condition that he received a sentence within or below the applicable range under
the United States Sentencing Guidelines (Guidelines).  (Doc. 171 at 31).  A Presentence
Investigation Report (PSR) was filed, which determined, based on a total offense level of
29 and category VI criminal history, that Defendant's imprisonment range under the
Guidelines was 151 to 188 months.  (PSR ¶ 52).  On October 22, 2015, this court
sentenced Defendant to 144 months' imprisonment.  (Doc. 230 at 2).

On July 25, 2016, Defendant filed the instant § 2255 motion, claiming that he received ineffective assistance of trial counsel under the Sixth Amendment because his counsel did not file a direct appeal of his sentence. (Doc. 317 at 4). Defendant's motion claims that, on October 26, 2015, he contacted his counsel via telephone from a Perry County correctional facility and instructed counsel to appeal his sentence. (Doc. 317 at 4). Proceeding *pro se*, Defendant has provided no evidence in support of this claim, and did not brief the issue. Defendant was advised of the limitation upon his right to file another § 2255 motion, and was given the opportunity to withdraw his motion; he proceeded with the motion, and this court requested further briefing from the Government. (Docs. 318, 321).

The Government, after contacting defendant's trial counsel, concedes that communication between Defendant and his counsel took place on October 26, 2015, but argues that: (1) Defendant contacted counsel on that date regarding Defendant's detainer and did not request his counsel to file a direct appeal; and (2) even if Defendant requested an appeal, a failure to file the appeal by counsel would not be ineffective assistance because Defendant waived his right to appeal as part of his written plea agreement, and therefore any appeal would have been a breach of that agreement. (Doc. 328 at 5). Defendant did not reply to these arguments and the motion is now ripe for review.

III.     *Discussion*

   A.  Ineffective Assistance Standard

The burden is on Defendant in a § 2255 motion to prove his claim of ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel under the Sixth Amendment for an attorney's failure to file an appeal, a defendant must show "(1) that counsel's representation 'fell

below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (citations omitted) (quoting Strickland, 466 U.S. at 688). District courts must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case," and "[j]udicial scrutiny of counsel's performance must be highly deferential." Flores-Ortega, 528 U.S. at 477 (quoting Strickland, 466 U.S. at 689-90).

With regard to objectively reasonable representation, counsel has "a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfriviolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. "In making this determination, courts must take into account all the information counsel knew or should have known." Id. "Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. In cases where a defendant pleaded guilty, "the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." Id.

Prejudice is established when it has been shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Because a counsel's failure to file an appeal when requested would deprive his client of an appeal proceeding altogether, "the

3

Supreme Court [has] held that 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal.'" Solis v. United States, 252 F.3d 289, 293 (3d Cir. 2001) (quoting Flores-Ortega, 528 U.S. at 484). A defendant need not specify the points that he would have raised on appeal, Flores-Ortega, 528 U.S. at 485, as "[p]rejudice is presumed from counsel's failure to file a notice of appeal when so requested by a client," Solis, 252 F.3d at 293-94. "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant," and both the performance and prejudice prongs of Strickland "may be satisfied if the defendant shows nonfrivolous grounds for appeal." Flores-Ortega, 528 U.S. at 485-86.

Here, Defendant claims that he directed his attorney to file an appeal during a telephone conversation on October 26, 2015, and that counsel failed to comply with his instruction. (Doc. 317 at 4). Although this *pro se* Defendant provided no support for the allegation, the Government, upon contacting Defendant's trial counsel, concedes that a conversation between Defendant and his counsel occurred on that date; thus, the parties only dispute the substance of the conversation. (Doc. 328 at 5). Therefore, on its face, Defendant's § 2255 allegation creates a question of fact of whether he directed his attorney to file an appeal, and such a question would typically require this court to hold an evidentiary hearing. See Solis, 252 F.3d at 294 ("[W]hen a defendant is convicted of a crime and alleges that his lawyer failed to appeal the conviction, and there is a potential factual dispute on this issue, the defendant is entitled to a hearing before the District Court to prove that he made the request and that the lawyer failed to honor it."). However, in

4

<u>Solis</u>, the court caveated its hearing requirement, stating "[h]owever, a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous."  252 F.3d at 294.

In this case, we find that an evidentiary hearing is unnecessary to resolve the factual dispute presented because, even assuming the truth of the allegations in his § 2255 motion, we determine that Defendant has nonetheless failed to show that his counsel was ineffective in not filing an appeal because Defendant knowingly and voluntarily waived his right to appeal as part of his plea agreement, and such waiver was binding for the reasons set forth below.  Thus, even taking as true the nonfrivolous allegation in Defendant's motion that counsel failed to appeal despite Defendant's instruction, we hold that the presence of the appellate waiver in Defendant's plea agreement, combined with record evidence establishing the enforceability of that waiver, conclusively shows that Defendant is not entitled to relief under either prong of <u>Strickland</u>, as applied by <u>Flores-Ortega</u>.  <u>See</u> <u>United States v. Dawson</u>, 857 F.2d 923, 927-28 (3d Cir. 1988) (before holding evidentiary hearing, district court must accept as true nonfrivolous factual assertions in defendant's ineffective assistance claim and then determine whether defendant has conclusively failed to show entitlement to relief).

B.  <u>Ineffective Assistance Standard where Appeal Rights are Waived</u>

Neither the Supreme Court in <u>Flores-Ortega</u>, nor the Third Circuit in <u>Solis</u>, addressed a situation where, as here, a defendant signs a plea agreement indicating that he has waived his right to appeal.  <u>Flores-Ortega</u>, 528 U.S. at 488 n.1 (Souter, J., concurring in part and dissenting in part); <u>Solis</u>, 252 F.3d at 292-93.  However, in <u>United States v. Mabry</u>, 536 F.3d 231 (3d Cir. 2008), the Third Circuit clarified that "[t]he analysis

employed in evaluating an ineffectiveness of counsel claim [under Flores-Ortega] does not apply when there is an appellate waiver." Id. at 241. The Mabry court stated, "Without a waiver, the recognition of a defendant's right to an appeal is paramount and counsel's ineffectiveness clear, for the defendant was entitled to an appeal. With a waiver, that entitlement disappears, and the ineffectiveness of counsel in not pursuing a waived appeal is less than clear." Id. at 244.

In Mabry, a defendant who waived his rights to both appellate and collateral review as part of a plea agreement argued that,[1] under the Supreme Court's opinion in Flores-Ortega, "a presumption of prejudice [should apply] where counsel fails to file a requested appeal even if the defendant has waived his appeal rights, and that, [the defendant should be entitled to] . . . an evidentiary hearing even in the face of a waiver of collateral [or appellate] review." Id. at 239. The Third Circuit noted that a majority of circuits agreed with this argument and treated a case where a defendant waived his rights to appellate or collateral review as if Flores-Ortega decided the issue of ineffective assistance of counsel; that is, a presumption of prejudice would apply in such situations, regardless of any waiver, and a defendant should be permitted to pursue a direct appeal. See id. at 239-40, 240 n.8. Departing from the majority of other circuits, the Third Circuit emphasized that "Flores-Ortega did not address [a case] . . . where the defendant has waived his right to appellate . . . review," and noted that the other circuits engaged in "flawed reasoning" because they "did not evaluate the validity of the . . . waiver, but

---

[1] We recognize that, unlike Mabry, Defendant's plea agreement in this case only contained a waiver of his right to direct appeal and not his right to collateral review. Although Mabry contained issues related to both waivers, the court noted that "[t]he inquiry is the same" for each waiver, Mabry, 536 F.3d at 238 n.6, and this court has treated the analysis the same in a case where only a direct appeal waiver was presented, see Aeschbach v. United States, No. 3:08-CR-067, 2009 WL 4327853, at *2-4 (M.D. Pa. Nov. 30, 2009).

instead skipped immediately to the merits of the argument raised in the § 2255 motion, namely, whether trial counsel was ineffective in failing to file a direct appeal." Id. at 240.

The court in Mabry agreed with the Seventh Circuit in Nunez v. United States, 495 F.3d 544 (7th Cir. 2007), vacated on other grounds, 554 U.S. 911 (2008), which distinguished claims of ineffective assistance in cases without a waiver of a right to appellate or collateral review from those in which a defendant *did* waive such rights as part of a plea agreement.  See Mabry, 536 F.3d at 240 (citing Nunez, 495 F.3d at 546-48). The court in Mabry reasoned that, "*in the absence of a waiver*, the filing of a notice of appeal is a purely ministerial task that could only help, not harm the defendant," whereas, "*where there is a total appellate and collateral waiver*, 'counsel's duty to protect his or her client's interest militates against filing an appeal' which could cost the client the benefit of the plea bargain[.]" Id. at 240.  Acknowledging this distinction, the Mabry court concluded that, in considering ineffective assistance of counsel claims where a defendant waived his right to appeal as part of a plea agreement, "there is no reason to presume prejudice amounting to a miscarriage of justice in such a situation where the attorney's filing of an appeal would constitute a violation of the plea agreement."[2] Id. at 240-41.

Noting that "the Supreme Court ha[s] upheld the validity of waivers of rights to appeal," the Mabry court stated that "the right to appeal that has been waived stands on a different footing from a preserved right to appeal . . . in relation to counsel's duty to his client[.]" Id. at 242.  The court held that "[w]hile a defendant may be entitled to habeas relief if his attorney ineffectively fails to file a requested appeal because it is presumed to be prejudicial under Flores-Ortega, if that same defendant has effectively waived his right

---

[2] The Court noted that it created a circuit split on the application of Flores-Ortega because other circuits to address this issue disregarded the appeal waiver in the plea agreement.  Id. at 241 n.10.

to [appeal], he cannot even bring such a claim unless the waiver fails to pass muster under an entirely different test: one that examines its knowing and voluntary nature and asks whether its enforcement would work a miscarriage of justice." Id. at 241.  Where a defendant waives his right to appeal as part of a plea agreement and later claims ineffective assistance of counsel based on counsel's failure to appeal, the court in Mabry identified the "threshold issue" as the "validity of the waiver."  Id.  Accordingly, in this case, when considering Defendant's ineffective assistance of counsel claim, we must assess the validity of Defendant's waiver of his right to appeal.

C.  Validity of Defendant's Right to Appeal Waiver

"The right to appeal in a criminal case is among those rights that may be waived." Mabry, 536 F.3d at 236.  Waivers of direct appeal in a defendant's plea agreement are enforceable "provided that they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." Id. at 237; see also United States v. Khattak, 273 F.3d 557, 562-63 (3d Cir. 2001).  In examining the validity of a defendant's waiver, district courts should consider the "(1) knowing and voluntary nature [of the waiver], based on what occurred and what defendant contends, and (2) whether enforcement would work a miscarriage of justice." Mabry, 536 F.3d at 237.  "Whereas a defendant bears the burden of presenting an argument that would render his waiver unknowing or involuntary, a court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record evidence before it." Id. at 237-38.

Here, unlike in Mabry where the defendant actually argued that his waivers to collateral and appellate review were not knowing or voluntary, we note that Defendant

has not even alleged that his signed plea agreement providing for a waiver of his right to

appeal was not entered knowingly and voluntarily.  See id. at 237.  We nonetheless have

"an independent obligation to conduct an evaluation of the validity of [an appellate]

waiver."  Id. at 238.  That is, we "should carefully examine both whether the waiver was

knowing and voluntary and whether it results in a miscarriage of justice."  Id.

### 1. *Defendant's waiver of his right to appeal was knowing and voluntary*

We conclude that Defendant's waiver of his right to appeal was knowing and

voluntary.  In considering whether a defendant knowingly and voluntarily waived his right

to appeal in his plea agreement, we must address the sufficiency of "the terms of the plea

agreement and change-of-plea colloquy."  Id. at 238.  Here, similar to the almost-

identically worded waiver that the court in Mabry accepted as valid, Defendant's plea

agreement stated that he "knowingly waive[d]" his right to appeal his conviction and

sentence, and that he understood that the waiver included "any and all possible grounds

for appeal."  (Doc. 171 at 31); Mabry, 536 F.3d at 233.  Contained in his plea agreement

was a hand-written notation, seemingly initialed by Defendant, which added a condition to

the waiver that it was valid "so long as the sentence [imposed] is at or below the

applicable [G]uideline" range.  (Doc. 171 at 31).  Defendant also signed an

acknowledgement at the end of the agreement, which stated that he "read this agreement

and carefully reviewed every part of it with [his] attorney" and that he "fully [understood] it

and voluntarily agree[d] to it."  (Id. at 35).  Thus, we find that Defendant's plea agreement

provided for a broad waiver of Defendant's right to direct appeal, and that Defendant,

having had the provision explained by his attorney, fully understood the terms of such

waiver before signing the agreement.

Moreover, the terms of this direct-appeal waiver were specifically noted at Defendant's change-of-plea colloquy.  During the colloquy, the Government stated that the agreement "does include a conditional appeal waiver that the defendant is waiving his right to appeal his conviction and sentence as long as the sentence is within or below the applicable guideline range."  (Doc. 188 at 2).[3]  Defendant's trial counsel agreed that the waiver provision was part of the agreement, (id. at 2), and this court proceeded to review with Defendant whether he was knowingly and voluntarily entering into the agreement and pleading guilty, (id. at 7-9).  Defendant acknowledged that he went over the agreement with his attorney, that he understood its terms, which included the waiver of his right to appeal, and that he had not been promised anything in return for, or been threatened into, pleading guilty.  (Id. at 8).  Defendant did not have any questions for the court about the agreement, and this court accepted Defendant's plea as being knowing and voluntary. (Id.)  In light of this evidence, and the fact that Defendant has not claimed any deficiency with this colloquy or the provision of his plea agreement waiving his appeal rights, we find that Defendant knowingly and voluntarily waived his right to appeal.

### 2. *Enforcement of Defendant's waiver is not a miscarriage of justice*

We also find that enforcement of the appellate waiver does not result in a miscarriage of justice.  In evaluating whether a miscarriage of justice results from enforcement of a waiver, district courts consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on

---

[3] This court obtained the transcript of Defendant's plea colloquy for purposes of deciding this motion. Should the parties wish to review the transcript, they may obtain a copy from the court reporter.

the government, and the extent to which the defendant acquiesced in the result."  Mabry, 536 F.3d at 242-43 (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).

Here, Defendant was sentenced to 144 months' imprisonment, which fell below the applicable Guideline range and therefore satisfied the only operative condition that Defendant waived his right to appeal "so long as the sentence [imposed] is at or below the applicable [G]uideline" range.  (Doc. 171 at 31).  Defendant therefore "received the sentence bargained for as part of the plea," and he "expressly . . . waived some or all appeal rights" as part of that plea.  Flores-Ortega, 528 U.S. at 480.  Defendant has not alleged that his counsel was ineffective in negotiating his plea agreement containing the waiver, and does not allege that he was misled into signing the waiver.  The waiver encompassed any direct appeal that Defendant may have taken, and, accordingly, we find that enforcement of Defendant's appellate waiver, so as to preclude his ineffective assistance claim, does not result in a miscarriage of justice.

Therefore, the waiver of Defendant's appeal rights in his plea agreement is enforceable, and Defendant did not receive ineffective assistance of counsel when his attorney failed to file an appeal despite Defendant's alleged request to do so.  See Mabry, 536 F.3d at 242 n.14 (noting that if the issue in Mabry was limited only "to an ineffectiveness claim and were evaluated under a Strickland analysis, one would wonder how counsel's failure to file a notice of appeal could be considered 'outside the wide range of professionally competent assistance,' if the right to appeal had been knowingly and voluntarily waived." (quoting Strickland, 466 U.S. at 690)).  Defendant has not identified any nonfrivolous ground in his § 2255 motion, not covered by his appellate waiver, for a collateral attack on his sentence.

*IV.*        *Conclusion*

Because we determine that Defendant knowingly and voluntarily waived his right to appeal as part of his plea agreement, and because enforcement of that waiver does not result in a miscarriage of justice, we find that the record conclusively establishes that Defendant was not denied the effective assistance of counsel when his trial counsel allegedly failed to file an appeal despite Defendant's request to do so.  We will issue an order denying Defendant's § 2255 motion.  The order will also deny a certificate of appealability based on the analysis in this memorandum.  However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his § 2255 motion, see 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from appealing, so long as he also seeks a certificate of appealability from the court of appeals.  See FED. R. APP. P. 22; 3d Cir. Local R. App. P. 22.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 13, 2017