UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :
    :
    : CRIMINAL NO. 1:14-CR-00266-4
    v.    :
    :
CARLOS BURGOS MELENDEZ,    :
    Defendant    :

*M E M O R A N D U M*

*I.*    *Introduction*

Currently before the court is Carlos Burgos Melendez's ("Defendant") pro se

motion[1] (Doc. 388) for relief from judgment under Federal Rule of Civil Procedure 60(b).

We will deny the motion because we conclude that it amounts to a second motion under

28 U.S.C. § 2255, which we lack jurisdiction to entertain.

*II.*    *Factual Background and Procedural History*

On July 7, 2015, pursuant to a plea agreement, Defendant pleaded guilty to

a felony information charge of one count of conspiracy to distribute and possess with

intent to distribute cocaine, 21 U.S.C. § 846.  (Docs. 173, 192-93, & 230).  As part of the

plea agreement, Defendant waived his right to a direct appeal on the condition that he

received a sentence within or below the applicable range under the United States

Sentencing Guidelines (Guidelines).  (Doc. 171 at 31).  A Presentence Investigation

Report (PSR) was filed, concluding that Defendant had a total offense level of 29 and a

category VI criminal history, due to Defendant's status as a career offender.  (PSR ¶¶ 22,

---

[1] The full heading of the instant motion reads as follows: "MOTION TO FILE RULE 60(c)(1) IN LIGHT OF UNITED STATES v. GLASS BASE UNDER NEW DISCOVER EVIDENCE 60(b)(2) see(Buck v. Davis Apply Because Reasonable Jurist Would Agree Its a Debatable Issue."

33). Based on Defendant's criminal history category and total offense level, his imprisonment range under the Guidelines was 151 to 188 months. (Id.) On October 22, 2015, we sentenced Defendant to 144 months' imprisonment. (Doc. 230 at 2).

On July 25, 2016, Defendant filed a motion (Doc. 317) under 28 U.S.C. § 2255 to vacate his conviction and sentence. In that motion, Defendant raised an ineffective-assistance-of-trial-counsel claim pursuant to the Sixth Amendment. Specifically, Defendant alleged that he instructed trial counsel to file a direct appeal of his sentence, but counsel failed to do so. On January 13, 2017, we issued a memorandum (Doc. 333) and order (Doc. 334) denying Defendant's § 2255 motion. In denying the motion, we found that trial counsel's failure to file a direct appeal did not amount to ineffective assistance of counsel because Defendant had executed a valid waiver of his direct-appellate rights as part of his plea agreement. Subsequently, Defendant appealed our denial of his § 2255 motion to the Third Circuit, but the Third Circuit ultimately dismissed his appeal as untimely. (Doc. 371).

Most recently, on January 12, 2018, Defendant filed the instant motion (Doc. 388) seeking relief under Federal Rule of Civil Procedure 60(b)(2). Because we conclude that the instant motion amounts to a second motion under 28 U.S.C. § 2255, which we lack jurisdiction to entertain, the motion shall be dismissed.

III.        *Discussion*

In accordance with the Antiterrorism and Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive § 2255 motion may be filed in [a] district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion." In re Olabode, 325 F.3d 166, 169 (3d Cir. 2003)

(citing 28 U.S.C. §§ 2244(b)(3)(A), 2255). Thus, when a Rule 60(b) motion is simply a disguised second or successive 2255 motion for which a movant has not sought authorization from the appropriate court of appeals, this court does not have jurisdiction to entertain it. <u>See</u> 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); <u>Blystone v. Horn</u>, 664 F.3d 397, 412 (3d Cir. 2011) (citation omitted).

In the context of federal habeas proceedings, the Supreme Court of the United States in <u>Gonzales v. Crosby</u>, 545 U.S. 524 (2005) noted that courts presented with a Rule 60(b) motion must determine whether that motion, in substance, is raising a new habeas claim or attacking a previous federal court resolution of a claim on the merits, or whether it raises "some defect in the integrity of the federal habeas proceedings." <u>Id.</u> at 532. If the Rule 60(b) motion falls into the former category, it must be construed as a second or successive habeas application and treated accordingly. <u>Id.</u> at 531. If the Rule 60(b) motion falls into the latter category, it can be considered by the district court without offending the gatekeeping requirements established by the AEDPA. <u>Id.</u> at 532-33.

Stated differently, when a Rule 60(b) motion "attacks the manner in which [an] earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits." <u>Pridgen v. Shannon</u>, 380 F.3d 721, 727 (3d Cir. 2004). On the other hand, "when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." <u>Id.</u>

While the instant 60(b) motion is somewhat unclear, it is apparent that Defendant is not attempting to attack the manner in which judgment on his first § 2255 petition was procured. Rather, it appears that Defendant is attempting to assert that his classification as a career offender was unlawful and that, therefore, his sentence should be reduced. In support of his assertion, Defendant cites to <u>United States v. Glass</u>, 701 F. App'x 108 (3d Cir. 2017), a recent unreported case in which the Third Circuit Court of Appeals, without delivering an explicit holding, suggested that it would be nonfrivolous to argue that 35 Pa. Stat. Ann. § 780-113(a)(30) is too broad to constitute a Guidelines career offender predicate. Thus, Defendant's instant 60(b) motion is an attempt to collaterally attack his sentence and conviction, and it amounts to a second motion under § 2255. Since Defendant has not sought the Third Circuit's authorization to file such motion, we lack jurisdiction to entertain it.

*IV.* *Conclusion*

Because the instant 60(b) motion amounts to a successive § 2255 petition, which we lack jurisdiction to entertain, the motion shall be denied. An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge